Again, we'll just remind you, if needed, to adjust the podium and the microphones that we have. Attorney Rubin, whenever you're ready, I understand that you would like to reserve two minutes for rebuttal. Yes, sir. Why don't we just wait a second? Some of our guests are leaving, and they're going to close the doors, and we'll let the back of the courtroom get settled so we don't miss a word. May it please the Court, Aaron Rubin for Appellant Defendant Alexander Pikus. When both the government and the trial court, consisting here of two judges, Judge Johnson and Judge Donnelly, completely disregard the practice of the Speedy Trial Act, and also all of the controlling case law that firmly was in favor of dismissing the case down below. Including the seriousness of the offense? I mean, I don't know. Really? The seriousness of the offense weighs against the government here? You're saying all of the case law? I understand the idea that there's a balance, and maybe the balance sits in your favor, but you're saying this is not a serious offense because that's one of the key elements of the analysis, right? And when I say, and, Your Honor, that's correct. When I say the controlling case law weighed in favor of dismissal, weighed in favor of dismissal in that the other factors in this instance clearly outweigh the seriousness of the case. Well, Your Honor, as I was saying, I think there's something to be acknowledged here which was not acknowledged down below when the Court permitted re-prosecution, and that is the fact that the level of disregard. Let me just interrupt you. Forgive me one second, and then you can continue.  with my colleague's question. We're reviewing this for abuse of discretion, correct? Yes, Your Honor. Go ahead. And, Your Honor, I would say it's certainly an abuse of discretion not to acknowledge the fact that there was a complete disregard of the statute because that is one of the most compelling areas. When you say complete disregard for the statute, why don't you just tell us what the factors are? I understand there's delay, there's prejudice, whose fault it was, whether there's bad faith. It seems to me those are the factors we should be walking through now. Well, Your Honor, a complete disregard for the statute is one of the factors. I guess I don't understand what you mean by that. Counsel, can you tell me what prejudice, what prejudice your client suffered as a result of this? Look, let me just say, I think factor one, seriousness of the offense, counts against you. I think factors two and three, while the government behaved and so on, counts for you. But for me, what the Supreme Court, not in the original listing, has said is there, is prejudice as a result of a delay. And I'd like to know what prejudice, not as generically, but as a result of a delay, your client suffered. Thank you, Your Honor. The concept of prejudice and that factor was completely overlooked by the lower court. And the reason why they were able to overlook this factor in the lower court was because of a decision that the audit documents and the defense that the defendant wanted to put forward based on these audit documents, which was a good faith defense. Wait a minute, wait a minute. Are you talking about the victims didn't discover they were being defrauded? Is that the defense you were talking about? Your Honor, they're... The auditors didn't understand how much your client was doing to defraud them? Your Honor, that's actually similar... Is it something different? Your Honor is characterizing... That's a bad defense, right? It's the victim's fault for not understanding how badly they were being cheated, right? That would not be permissible or frankly even plausible to the jury defense. So tell me, how is that distinct from what you're claiming? Your Honor, I'm glad you asked that. This is a point of confusion which we discussed over and over again in the court below. What Your Honor is referencing is a blame the victim defense. So what is the defense you would have brought? This was a good faith defense. Based on what? I don't get it. Your Honor, the difference is... I'm not seeing the going to the check cashing businesses and going under the $10,000 thresholds and all that. So I'm not seeing where the good faith would pop up. Your Honor, if I could just explain... What's the good faith part of it? We take... The critical area here is there were audits that were being done by Medicare. So who cares about the audits? I don't understand. That's the victim of off doing audits. Again, unless you're saying something like, my client thought because he had never been caught, it must have been fine. Is that the nature of the good faith? Because again, that winds up devolving into a blame the victim defense. As long as I was never caught, as long as the security guard didn't catch me walking out of the bank with a bag of loot, I assumed they were happy to give me the money when I pointed a gun at them kind of a thing. Your Honor, that would apply to, let's say, a doctor who's in the examining room, who's blaming Medicare, saying, well, you didn't catch it, and so you didn't catch the health care fraud. Excuse me. I think all this is beside the point. Whether these things could be brought in or not, they are now available, which they weren't before. And my question is, how does the delay, with respect to all of this, whatever the decision was, make any difference? If they had been admitted, your client was better off, actually, peculiarly, for the delay because these came in. If they were not admitted, it doesn't make any difference. But what I want to know is not whether these should have been admitted, or not been admitted, or all of that. I want to know why the delay made prejudice to your client, because I have seriousness of the offense, prejudice as against the bad behavior of a governor, which I'm quite willing, unlike the lower court, to concede. But this other one seems to me a major issue. Your Honor, I do have to address the difference in our defense because it is a stark one. When a doctor is in an examining room and is charged with health care fraud and then blames Medicare for not catching that fraud, what he's essentially doing, what the cases say, is he's blaming the victim, he's blaming the negligence of Medicare and saying, well, that takes away my intent. What our defense was, was in a money laundering context about knowledge. My client was not in the examining room, but there was an underlying health care fraud element to the money laundering. Let's go to Judge Calabresi's question of why, at the second trial, he couldn't raise this. Well, Your Honor, first of all, it was eight years later, and the documents themselves were never produced. I mean, the lower court... You're saying there's still discovery violations? The lower court... Are you saying there's still discovery violations that were never resolved? They were never resolved because the lower court said your defense is inapplicable. Were they never resolved because of a delay or because the lower court had a different thing? Again, the issue before us is delay. The issue before us is, does the delay, which, under Rakoff's powerful opinion, meant the original indictment false, does this allow, in the discretion of a district court, a retrial, or does it not? And one of the questions is the seriousness of the offense. Other questions is how bad the government behaved. And then the crucial question to the Supreme Court, has the delay prejudiced? And I'm still looking for, how has the delay prejudiced? Your Honor, we litigated the case for three and a half years, and the delays were directly caused by the government's inability to produce the audit documents, which were necessary to our defense. And right before trial, it was determined by Judge Donnelly... He was asking you about the results of the delay. Well, Your Honor, the documents were never produced. And the lower court, in the decision permitting re-prosecution, just came up and said they were produced. There was no basis for that. It's one of your issues on appeal that you were entitled to discovery, which you never received? That was in our prior appeal when we raised all of the arguments, in addition to speedy trial appeal. We were here before on all of those issues. And we called those documents actually Brady documents, because they went to the good-faith defense of my client in his role as a billing expert, looking and seeing, is healthcare fraud going on in rooms that I am not a part of? So is it your contention to us that there was potentially exculpatory evidence in the form of documents that you were entitled to that you never got? Yes, Your Honor. And we made these motions down below. We asked for sanctions. After three years, we asked for sanctions against the government. And what happened is that Judge Johnson issued the sanction, saying, well, we can't bring in the documents, so you don't have to worry about the documents. That's a distinct argument from the delay. I mean, if you were denied these documents on day one after an indictment, you move for a subpoena, the court says, no, that's a bogus defense in not giving you the documents, that therein lies the prejudice, the denial of the documents, which would have nothing to do whether they were denied on day one or day 500 after the indictment. The nature of the prejudice remains stable regardless of when the denial occurred, right? In what respect, this goes back to the questions that you've heard, what is the difference in timing of the denial of those documents? How does that relate to prejudice? Well, the documents were ordered to be given over from the beginning of the case. We never received them. And what's the difference in timing? I thought you were saying, I never got them at all. So it's not that you didn't get them late, you didn't get them early that's the problem. Your complaint is, I never got them at all. And that is not a question that really goes to the Speedy Trial Act. That's it. That's an independent, free-floating, discovery violation claim. It goes to the Speedy Trial Act because the reason for the delay, the extraordinary delay that this court found that resulted in Speedy Trial was because the government wouldn't give over the documents. You've reserved two minutes. I think we have that argument. Why don't we hear it from the government? We have Ayoze Campbell. Good morning, and may it please the Court. Trial Attorney Patrick J. Campbell with the Department of Justice. On behalf of the United States, there is no abuse of discretion here precisely because the District Court considered all of the factors and weighed all the circumstances in reaching its decision and did so in a detailed 17-page opinion. I think Your Honors are exactly right. One of the issues with the defendant's claim before this court, which is not one related to discovery disputes, and just so the record is clear, upon re-indictment there was no further litigation over discovery issues prior to the guilty plea. One issue with the appellant's claim here is that he hasn't set forth any prejudice. He points to the post-trial incarceration, which is not a basis to find prejudice. He points to these missing discovery documents, which again, as the Court has pointed out, goes to the cause of delay, but not as to the prejudice, exactly for the reason that whether they're produced early... My only question is, if I disagree with the lower court on whether the government behaved badly in causing the delay, which is one of the things the District Court said. They said, terrible crime, eh, the government was bad, but not that bad, and then there was no prejudice. Let's assume that I agree, no prejudice, and I agree the crime was terrible. Does the fact, assuming that I disagree with the District Court's judgment as to how the government behaved, sufficient for me to ask to remand? Because I could say, maybe you, if you thought it differently, you were wrong on that. If you thought it differently, would then decide differently? Respectfully, no, Your Honor. I think that under this standard of use of discretion, different panels and different District Courts could reach different decisions on the same facts. The question is whether or not this is within the realm of permissible decisions under abuse of discretion, and whether or not the District Court... So even if they were wrong with respect to one of them, if we look at the whole thing and say, yeah, this is okay, we should say okay. Absolutely, and that's exactly what happened here. Including, Your Honor, pressing on the government's behavior, the District Court adopted much of this Court's decision language in faulting the government. Talked about its mismanagement of deadlines, its straight saying the delay was caused by the government in this case, it represented inaccurately at times the discovery issues. So from our perspective, the District Court was not holding back in its criticisms of the government. How did this great failure occur in an office with the reputation of yours? Your Honor, it was, I think, a protracted issue where the government was attempting to obtain additional documents that the defendant was seeking going to his defense. There was a period of time where it was the government's view these were not within the prosecution's control. The government then eventually took on obtaining the documents. There were delays dealing with multiple agencies because they were not in our control. But you would concede that if the District Court was completely wrong on one of the factors, for instance, if they said this was not the government at all, it was all the party, then we might wonder about how they decided the other thing altogether. But you say that ain't this case. That is not this case, Your Honor. The court exercised its discretion fully weighed in a lengthy and detailed decision all of these factors, including the administration of the act, to go to your point, Your Honor, about there was no pattern in the district with speedy trial violations. There was no pattern among the prosecution team in ignoring the defendant's rights. The District Court specifically noted that the prosecution team asked on at least four occasions for trial dates. The defendant was seeking to delay to get additional documents. The prosecution reminded the District Court that there were defense subpoenas pending. So under the fourth prong as well, there was no basis to dismiss this case with prejudice. I am just a little curious. Maybe this is, again, a point of curiosity going back to Judge Parker's question. Was there, I don't know, who was part of the prosecution team? What investigative agencies were involved? I mean, was there an HHS agent? I mean, they have criminal investigative agents, right? My understanding, and I did not handle the original prosecution, was HHS was on the case as well as IRS and some other agencies. It seems odd to me that when you have an HHS agent on the case that there would be that kind of need to, you know, that the agency itself would say, well, we're not going to produce this stuff unless you give us a subpoena and that sort of thing. It just seems that's the whole value of having an agent, an investigative agent from the agency to facilitate all that. Well, Your Honor, I think it's important to note that HHS is the largest government agency out there and has many different functions. The audit function was not part of the prosecution team. Let me say, I am very troubled by the government's behavior earlier in this case. I read Judge Rakoff's opinion and I say, come on, what's going on? What did the district judge do? What did the government do? Pretty badly matched up? That doesn't mean in the end that the decision can't stand. But I would be a lot happier if we admitted that some things went wrong because if we admit that some things went wrong, we may be able to avoid them in the future in a time when there might be cause for it. Your Honor, I think the government has been clear and it's certainly my intention today to not walk away or minimize these missteps. The government overpromised things it couldn't deliver was not always forthcoming with the district court. And what's important for this court's analysis is that the district court considered those things and considered Judge Rakoff's opinion and the fault that lay with the government, but also with the district court in its inadequate exclusions of time and its incorrect representations as to the status of the case and excluding time, designated it complex without adequate findings. So we take on those things and the district court certainly weighed that in its analysis from our perspective. Your Honor, I think we appreciate hearing that from the government to know how you do take these things seriously. We appreciate that. I don't know, unless you have something particularly you would like to add. If no further questions, we'd rest our paper and ask this court to refer. Very good. Why don't we hear from Mr. Rubin? You have two minutes if there are any. Anything you heard from the government to which you think a response is warranted? Well, Your Honor, I don't think that the lower court appreciated or acknowledged the neglect that was shown towards the statute. And the reason why I started with neglect It's, the opinion is pockmarked with those sorts of facts. The opinion characterized neglect as in, well, the time was not excluded properly and it mislabeled something as complex when it's not complex. That was not the essence here. I've never been quite understanding. It seems to me if I were in the district court, this would look pretty complex to me compared to the things that I've seen in life. It didn't seem like it. This is not a straightforward, simple one count gun case. Good Lord with audits and everything. But the point is, Your Honor, is that when all of this case law and everything was laid out in two motions and a mandamus both district judges declined to consider the issue and just dispatched with one paragraph each with no consideration of any case law. And it's basically to allow the re-prosecution here is to allow the government and the district court to use the speedy trial and its disregard as a tactic. You don't have to pay attention to it. You really think she didn't pay attention to it or she just paid attention in the wrong way? That's kind of the thing I'm having trouble with. This notion that district court disregarded the act as though she didn't think it was important or she said, I know this is the law, but I choose not to apply it. That's a different argument from saying she just got it wrong. I don't know. A choice of words that's not connecting with me. I'm going back to the original litigation where the speedy trial was raised in front of Judge Johnson and Judge Donnelly. Both decisions are one paragraph. They incorrectly analyze That's not what we're considering now. We've got a 17 page decision. And I'm saying the treatment of the speedy trial act before was a complete disregard of the law. I think we have your argument. We will take the case under advisement. Thank you very much to both of you. We appreciate your arguments.